IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMES WILLIAM SCHNIEDER,** ) | |
| Petitioner, ) | Civil Action No. 06-182 Erie |
| ) | |
| v. ) | |
| ) | **District Judge McLaughlin** |
| **SUPERINTENDENT BROOKS, et al.,** ) | **Magistrate Judge Baxter** |
| Respondents. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.   RECOMMENDATION**

It is respectfully recommended that the Petition for Writ of Habeas Corpus be denied and that a certificate of appealability be denied.

**II.   REPORT**

Petitioner, James William Schnieder, is a state prisoner incarcerated at the State Correctional Institution located in Albion, Pennsylvania. Currently pending before this Court is his Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254. (Document 1). Therein, he claims that his Fourth Amendment rights, guaranteed to him through the Fourteenth Amendment, were violated because he was subject to an illegal search of his home and because there was no "affidavit of probable cause signed by the magistrate[']s office prior to arrest or after arrest (or dated)." (Id. ¶ 13).

### A.   Relevant Procedural History

In 1996, a jury empaneled by the Court of Common Pleas of McKean County convicted Petitioner of multiple counts of rape, statutory rape, involuntary deviate sexual intercourse, aggravated indecent assault, indecent assault, terroristic threats, incest, endangering the welfare of children, and corruption of minors. His convictions arose from charges that he repeatedly had sexually molested his minor daughter. The Honorable Robert L. Wolfe presided over Petitioner's

1

trial and Dawn Fink, Esq., represented him. On April 12, 1996, Judge Wolfe imposed an aggregate sentence of thirty to sixty years imprisonment.

Attorney Fink discontinued a direct appeal of Petitioner's judgment of sentence, and, as a result, in 1998 the Honorable John M. Cleland reinstated his direct appeal rights and appointed Joseph M. Marasco, Esq, to represent him. On appeal, Petitioner raised three claims regarding Attorney Fink's alleged ineffective assistance, none of which are relevant to these proceedings. (See Document 6, App. B at 2-7, 16-19).

On October 6, 1999, the Superior Court of Pennsylvania rejected Petitioner's claims on the merits and affirmed his judgment of sentence. (Document 6, App. D at 2-8). The Supreme Court of Pennsylvania denied his subsequent petition for allowance of appeal on April 4, 2000. (Id. at 9). He did not file a writ of certiorari with the United States Supreme Court. Accordingly, his judgment of sentence became final on or about July 3, 2000, the date on which the ninety-day period to seek certiorari expired. United States Supreme Court Rule 13; see also Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000) (a state prisoner's judgment of sentence becomes final at the conclusion of direct review or the expiration of time for seeking such review).

On May 7, 2001, Petitioner filed a *pro se* petition for collateral relief pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 PA.CONS.STAT. § 9541 *et seq*. (Document 6, App. F at 2-24). In that petition, he raised numerous claims regard Attorney Fink's and Attorney Marasco's alleged ineffective assistance. (Id.) In Claim A, he contended that Attorney Fink provided him with ineffective assistance "for not objecting to all police complaints and affidavit of probable cause not being signed by the district magistrate[']s office prior to arrest and after arrest." (Id. at 11).

Judge Cleland appointed Elizabeth A. Zeigler, Esq., to represent Petitioner, and she filed an amended PCRA petition on his behalf. (Id. at 25-31). In the amended PCRA petition, Attorney Zeigler did not raise all the claims Petitioner had asserted in his *pro se* petition. (Id.) Claim A was not raised. (Id.) At a subsequent evidentiary hearing, Judge Cleland asked Petitioner if he wanted to raise any issues in addition to the issues raised in the amended PCRA petition. (Document 6, App. G at 14-18). Petitioner replied that he did not want to raise any

2

other issues and made no reference to purported deficiencies regarding an affidavit of probable cause. (Id.)

On February 25, 2004, Judge Cleland issued a memorandum order rejecting Petitioner's PCRA claims on the merit. (Id. at 2-11). Michael J. Saglimben, Esq., was appointed to represent him on appeal, and he raised one claim: that Attorney Zeigler provided him with ineffective assistance of counsel for abandoning his *pro se* PCRA claim that Attorney Marasco (direct appeal counsel) was ineffective for failing to identify Attorney Fink's (trial counsel's) error in not objecting to inflammatory statements made by the prosecutor during closing arguments. (Document 6, App. I at 10-12).

On June 6, 2005, the Superior Court rejected Petitioner's claim on the merits. (Document 6, App. J at 2-11). The Pennsylvania Supreme Court denied the petition for allowance of appeal on December 29, 2005. (Id. at 12). On or around August 7, 2006, Petitioner initiated the instant proceedings. As set forth above, he claims that his Fourth Amendment rights were violated because he was subject to an illegal search of his home and because there was no "affidavit of probable cause signed by the magistrate[']s office prior to arrest or after arrest (or dated)." (Document 1 ¶ 13).

### B.   Discussion

Petitioner's claims should be denied for several reasons.

First, the petition is untimely under the applicable one-year statute of limitations set forth in The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which is codified in relevant part at 28 U.S.C. § 2244(d)(1). AEDPA requires, with a few exceptions not implicated here, that a state prisoner seeking federal habeas corpus relief file a petition in federal district court within one year after his state judgment of sentence becomes final. 28 U.S.C. § 2244(d)(1)(A).

As noted above, Petitioner's judgment of sentence became final on or about July 3, 2000, and so the limitations period began to run on that date. AEDPA's limitations period is statutorily tolled during the pendency of a "properly filed" application for state collateral review, 28 U.S.C.

§ 2244(d)(2).[1]  Therefore, the limitations period ran from July 3, 2000 and then was tolled on May 7, 2001 (the date Petitioner filed his *pro se* PCRA petition).  Between those two dates, 308 days of AEDPA's limitations period elapsed.  The limitations period was statutorily tolled from May 7, 2001 through December 29, 2005 (the date the Pennsylvania Supreme Court denied Petitioner's petition for allowance of appeal and concluded the PCRA proceeding).  Lawrence v. Florida, — U.S. — , 127 S.Ct. 1079 (2007).  After that date, AEDPA's limitation period began to run again, and Petitioner, having approximately 57 days remaining in the limitations period, had until on or about February 25, 2006 to file a timely federal habeas petition.  He did not initiate the proceedings in this court until, at the earliest, August 7, 2006, the date he signed the instant petition.  Thus, the petition is untimely.[2]

Second, the instant petition should be denied because, as Respondents properly assert, Petitioner did not present to the state courts, or "exhaust," the Fourth Amendment claims that he is raising in the petition.[3]  State prisoners challenging their judgment of sentences in federal habeas relief must first raise their claims in the state trial and appellate court before seeking relief in federal courts.  28 U.S.C. § 2254(b)(1)(A); see e.g., O'Sullivan v. Boerckel, 526 U.S. 838, 843 (1999).  In Pennsylvania, this requirement typically means that a petitioner in a non-capital case

---

[1] A review of the state court record does not indicate that Petitioner is entitled to the extraordinary remedy of equitable tolling.  See Miller v. New Jersey State Dept. of Corr., 145 F.3d 616, 618-19 (3d Cir. 1998); Lacava v. Kyler, 398 F.3d 271, 275-76 (3d Cir. 2005).

[2] In their Answer, Respondents miscalculated the limitations period and erroneously stated that the petition is timely.  Nevertheless, this court has the authority to raise the issue *sua sponte* when a respondent has made a calculation error so long as notice and an opportunity is afforded to the petitioner to respond to the statute of limitations issue and he suffers no prejudice due to the delay in raising the issue.  Day v. McDonough, 547 U.S. 198 (2006) (district court *sua sponte* may raise issue of timeliness even where government has conceded timeliness).  Petitioner will, or course, have the opportunity by way of objections to this Report and Recommendation to respond to the limitations issue.  However, because, as discussed *infra*, the petition should also be denied for additional and unrelated reasons, Petitioner will not be entitled to habeas relief even in the unlikely event that he could overcome AEDPA's timebar.

[3] In his *pro se* PCRA petition, Petitioner did contend that Attorney Fink provided him with ineffective assistance for failing to raise issues regarding an affidavit of probable cause, but that claim was raised under the Sixth Amendment, not the Fourth Amendment.  And, Petitioner abandoned that claim in the amended PCRA petition and in his appeal to the Superior Court.

4

must present every claim raised in his federal petition to both the Common Pleas Court and the Superior Court either on direct appeal or during PCRA proceedings. See Lambert v. Blackwell, 387 F.3d 210, 233-34 (3d Cir. 2004).

It can confidently be predicted that if this court directed Petitioner to return to state court to exhaust his Fourth Amendment claims, the state courts would reject those claims as untimely and waived under the PCRA statute. Therefore, requiring Petitioner to return to state court in order to "exhaust" the claims would be futile. See Slutzker v. Johnson, 393 F.3d 373, 380 (3d Cir. 2004); Whitney v. Horn, 280 F.3d 240, 249-53 (3d Cir. 2002); Lines v. Larkins, 208 F.3d 153, 162-66 (3d Cir. 2000). Importantly, however, when a petitioner cannot exhaust his claims due to "futility," those claims are considered "procedurally defaulted" in federal habeas court. Id. at 380; Whitney, 280 F.3d at 252; Lines, 208 F.3d at 166. The procedural default doctrine applies to bar federal habeas review when a state court has declined or *would* decline "to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement." Id. at 380-81 & 381 n.6 (internal quotation and citation omitted).

When a petitioner has procedurally defaulted his habeas claims because he failed to properly raise those claims in state court, federal courts may only reach the merits of those claims if the petitioner has established: (1) "cause" for the default by demonstrating that some objective factor external to the defense impeded his efforts to comply with the state's procedural rules, and resulting "prejudice," Coleman v. Thompson, 501 U.S. 722, 753 (1991); or, (2) a "fundamental miscarriage of justice, " meaning that he can present evidence of his "actual innocence" that is "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error[.]" Schlup v. Delo, 513 U.S. 298, 316 (1995). Petitioner has not established either factor.

Third, and finally, it is noted that even if this Court were to review Petitioner's claims on the merits, he would not be entitled to the relief he seeks. His Fourth Amendment claim that he was subject to an illegal search and seizure does not assert an appropriate basis for federal habeas relief. Stone v. Powell, 428 U.S. 465 (1976) (where the state has provided an opportunity for full and fair litigation of a Fourth Amendment claim, search-and-seizure claims may not be raised in

5

federal habeas corpus review of state convictions); Janecka v. Cockrell, 301 F.3d 316 (5th Cir. 2002) (if a state provides the processes whereby a defendant can obtain full and fair litigation of a Fourth Amendment claim, Stone v. Powell bars federal habeas corpus consideration of that claim whether or not the defendant employs those processes).

As for his claim regarding an affidavit of probable cause, it is not clear whether Petitioner is complaining that his arrest was initiated without a warrant and without an affidavit of probable cause, or whether he is claiming that there was an affidavit of probable cause, but that it was defective because it was not signed by a magistrate.  A review of the allegations that he made in the related (and abandoned) *pro se* PCRA Claim A provides no elucidation.  In any event, even if there were issues with regard to probable cause at the time of his arrest (a point Petitioner has not demonstrated), an arrest based upon a defective probable cause affidavit or the lack of probable cause would not entitle to him relief from his subsequent conviction.  See e.g., Gerstein v. Pugh, 420 U.S. 103, 119 (1975) (illegal arrest or detention does not void a subsequent conviction; although a suspect who is presently detained may challenge the probable cause for that confinement, a conviction will not be vacated on the ground that the defendant was detained pending trial without a determination of probable cause).

### C.     Certificate of Appealability

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition.  28 U.S.C. § 2253 provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right."  In Slack v. McDaniel, 529 U.S. 473, 474 (2000), the Supreme Court stated that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Applying this standard here, jurists of reason would not find it debatable

whether the claims raised in Petitioner's Petition for Writ of Habeas Corpus are untimely and are procedurally defaulted. Moreover, jurists of reason would not find it debatable that Petitioner's claims have no merit. Accordingly, a certificate of appealability should be denied.

### III.    CONCLUSION

For the foregoing reasons, it is respectfully recommended that the instant petition for writ of habeas corpus be denied and that a certificate of appealability be denied.

In accordance with 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten (10) days from the date of service to file written objections to this Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.


/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
Chief U.S. Magistrate Judge


Dated:  June 13, 2007